# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2024

Lyle W. Cayce
Clerk

————————

No. 23-10516

————————

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

————————————————————

Before Jolly, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

This action stems from the Securities and Exchange Commission's ongoing civil-enforcement action against Timothy Barton and others for their alleged securities fraud. The order on appeal here approved the settlement agreement between the first receiver appointed by the district court and HNGH Turtle Creek, LLC. Because the issues on appeal are now moot, we DISMISS.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

No. 23-10516

In a different action, Barton challenged the first receiver's appointment. *See SEC v. Barton*, 79 F.4th 573, 577 (5th Cir. 2023). A panel of this court vacated the district court's appointment order and remanded for that court to apply the factors in *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012). *Barton*, 79 F.4th at 579. The vacatur was to take effect 90 days from the date of the mandate's issuance. *Id.* at 581–82.

On the day the vacatur took effect, the district court entered a series of orders. One order appointed a new receiver. Another ratified nine previous orders *nunc pro tunc*, including the order at issue here. Fatal to this appeal, Barton does not contest that Ratification Order, only the earlier order that approved the settlement.

Another panel of our court dealt with the effects of the Ratification Order and dismissed that appeal as moot, explaining as follows:

> The Ratification Order — which ratified the DLP Order entered before the First Receivership Order was vacated — is now the "operative" ruling of the district court. In other words, regardless of whether Barton were to prevail in the present appeal, Barton would need to attack the DLP Order through an appeal of the Ratification Order.

*SEC v. Barton*, No. 22-11242, 2024 WL 1087366, at *3 (5th Cir. Mar. 13, 2024). That decision is not binding on this panel, but we agree with its reasoning. The Ratification Order has now displaced the earlier order approving the settlement, mooting Barton's challenges on this appeal to that earlier order. Barton does not contest the latter order.

We DISMISS AS MOOT. The SEC's motion to dismiss on other grounds is DENIED.